Dear Ms. Cochran:
You have requested an opinion of the Attorney General in your capacity as Legal Counsel for the Vinton Harbour and Terminal District of Calcasieu Parish (District). The issue presented concerns the legality of the appointments to the District's current Board of Commissioners (Board). You present the following factual scenario for our consideration.
The District was created pursuant to Act 466 of the 1956 Regular Session of the Louisiana Legislature (R.S. 34:334.1, et seq.). The appointment, qualifications and terms of office of Board members are governed by Section 334.2.
In July of 1997, after reviewing excerpts from the minutes of the meetings of the District, the Town of Vinton (Town) and the Calcasieu Parish Police Jury (Police Jury), your office concluded that there was insufficient documentation to establish that the present Board members were appointed in accordance with Section 334.2. It provides:
 "The governing authority of said district is hereby declared to be a board of commissioners, consisting of five members, who shall be citizens of the United States and qualified voters and taxpayers within the limits of said district during the term of office. The said commissioners shall be appointed as follows:
 (1) Three members to be appointed by the mayor and town council of the town of Vinton, Calcasieu Parish, Louisiana.
 (2) Two members to be appointed by the police jury of the parish of Calcasieu, state of Louisiana.
 The commissioners initially appointed shall be appointed for terms respectively of 1, 2, 3, 4 and 5 years, to be determined as follows:
 Initially the commissioners appointed for terms of 1, 3 and 5 years shall be appointed by the mayor and town council of the town of Vinton, Calcasieu Parish, Louisiana, and those commissioners appointed for terms of 2 and 4 years shall be appointed by the police jury of the parish of Calcasieu, state of Louisiana. Any vacancy in any original term shall be filled in the manner of original appointments. Any vacancy occurring due to expiration of the original term shall be filled by the board of commissioners, for the term of five years, from a panel of names submitted to them as follows:
 Two names to be submitted by each of the following:
 (1) The governing authority of the town of Vinton, Louisiana.
 (2) The police jury of the parish of Calcasieu, Louisiana." [Emphasis added.]
As can be gleaned from the above, the commissioners are initially appointed to staggered terms with odd year appointments to be made by the Mayor and Town council, and even year appointments to be made by the Police Jury. Vacancies occurring during the original (i.e., initial) terms shall be filled in this same manner. Vacancies that occur due to the expiration of theoriginal terms are filled by the Board for five year terms from four names submitted thereto, two each by the Town and the Police Jury.
Based on the information submitted for our review, it would appear that, once the original staggered terms expired, subsequent appointments were not carried out in accordance with the mandatory procedure set forth in Section 334.2. Hence, vacancies currently exist in all five positions. Accordingly, the Town and the Police Jury should each submit two names for each of the five vacancies.
Parenthetically, we draw your attention to R.S. 42:2, which provides as follows:
 "Every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office."
Thus, current members of the Board must continue to serve as "holdovers" until new appointees are named and confirmed by the Board In accordance with Section 334.2. In accord are Attorney General Opinion Nos. 97-54, 93-650, 92-505(B), 92-253, 91-635, 90-125 and 89-44.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla